IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALCOLM JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2240 |
| | : | |
| | : | |
| **BERKE YOUNG INTERNATIONAL,** | : | |
| **LLC, et al.** | : | |

**MEMORANDUM AND ORDER**

Kauffman, J.                                                                                         October   12, 2007

      Plaintiff Malcolm Johnson brings this breach of contract action against Berke Young International, LLC ("Berke Young"), Strategic Healthcare Development, LLC, Young International Group, Inc., Young International Consulting, LLC, and James R. Young   Now before the Court is Plaintiff's Motion for Alternate Service pursuant to Fed. R. Civ. P. 4(e) and Pa. R. Civ. P. 430(e).  For the reasons that follow, the Motion will be denied without prejudice.

**I.**     **BACKGROUND**

      On June 4, 2007, Plaintiff filed a Complaint in this Court.[1]  Shortly thereafter, Plaintiff served Berke Young and attempted service on the remaining Defendants.   Plaintiff has been unable to effect service on Defendants Strategic Healthcare Development, LLC, Young International Group, Inc., Young International Consulting, LLC, and James R. Young (collectively, "Remaining Defendants").  Plaintiff seeks permission to serve Remaining Defendants through the mailing of the summons and complaint to their counsel and their last known addresses.  See Plaintiff's Memorandum in Support of Motion for Alternate Service

---

[1]     On July 18, 2007, Plaintiff filed an Amended Complaint. The amendment was filed *after* Defendant Berke Young International, LLC had moved to dismiss and without leave of Court.

1

("Pl.'s Mot."), at 1-2, 4.

## II.     LEGAL STANDARD

"Due process requires that service of process be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Calabro v. Leiner, 464 F. Supp. 2d 470, 471 (E.D. Pa. 2006) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). According to Federal Rule of Civil Procedure 4(e), service may be effected pursuant to the law of the state in which the district court is located.  Pennsylvania Rule of Civil Procedure 430(a) provides that if service cannot be made under the applicable rules, "the plaintiff may move the court for a special order directing the method of service."  The rule requires that any such motion be accompanied by an affidavit "stating the nature and extent of the investigation which has been made to determine the whereabouts of the defendant and the reasons why service cannot be made."  Pa. R. Civ. P. 430(a); see also Johnson v. Jackson, 2004 WL 73729, at *1 (E.D. Pa. Jan. 6, 2004).

## III.    DISCUSSION

Alternative service is a remedy of "last resort," and is only appropriate when service under the applicable rules of civil procedure cannot be made.  See Grove v. Guilfoyle, 222 F.R.D. 255, 256 (E.D. Pa. 2004); Calabro, 464 F. Supp. 2d at 472.  In order to demonstrate that the remedy is appropriate, the plaintiff must satisfy three conditions: (1) the plaintiff must make a good faith effort to locate the defendant; (2) the plaintiff must show that he has made practical efforts to serve the defendant under the circumstances; and (3) the plaintiff's proposed alternate

means of service "must be reasonably calculated to provide the defendant with notice of the proceedings against him." Premium Payment Plan v. Shannon Cab Co., 2007 WL 2319776, at *2 (E.D. Pa. Aug. 13, 2007) (citing Calabro, 464 F. Supp. 2d at 472) (internal quotations omitted); see also Flannigan v. Borough of Ambridge, 2007 WL 404010, at *2 (W.D. Pa. Feb. 1, 2007).

     Plaintiff has not demonstrated compliance with the requirements of Rule 403(a).  The affidavit submitted by Plaintiff's process server indicates that he attempted to serve James R. Young at his last known address by visiting the address on two consecutive days.  See Affidavit of John D. Hiltwine ¶ 7.[2]  The process server attempted to serve Strategic Healthcare Development, LLC only once, by visiting the company's last known address and leaving a card. Id. ¶ 6.  Rule 430(a) provides examples of methods constituting "good faith" efforts to locate a defendant, including (1) inquiries of postal authorities, (2) inquiries of relatives, neighbors, friends, and employers of the defendant, and (3) examinations of local telephone directories, voter registration records, local tax records, and motor vehicle records.  Since it appears that Plaintiff has left most of these avenues unexplored.  Accordingly, Plaintiff has not demonstrated that service under the applicable rules "cannot be made."  See, e.g., Accu-Tech Corp. v. Network Tech. Group, Inc., 2005 WL 1459543, at *2 (E.D. Pa. June 17, 2005) (denying plaintiff's motion for alternative service because plaintiff had not attempted to examine voter registration records,

---

[2]     In addition, John P. Kahn, Plaintiff's counsel, contacted Defendant Young International Group and left a message.  See Affidavit of John P. Kahn ¶ 10.  Kahn states that James Young contacted his office and left a message directing further inquiries to his attorney, George Zumbano.  Id. ¶ 11.  Kahn requested that Zumbano accept service on Young's behalf, but was informed that Young declined to permit his attorney to accept service.  Id. ¶ 13.

local tax records, or motor vehicle records, as suggested by the note to Rule 430(a)); Federal Home Loan Mortg. Corp. v. Stevens, 2001 WL 1528530, at *2 (M.D. Pa. Nov. 30, 2001) (same).

Finally, Plaintiff proposes to mail the summons and complaint to Defendants' last known addresses as an alternative means of service. See Pl.'s Mot., at 4. However, since Plaintiff has already attempted, unsuccessfully, to serve Defendants at their last known addresses, his proposed alternative method of service cannot be deemed "reasonably calculated to provide the defendant with notice of the proceedings against him." Calabro, 464 F. Supp. 2d at 472 (citing Clayman v. Jung, 173 F.R.D. 138, 140 (E.D. Pa. 1997)).

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Alternate Service will be denied without prejudice. An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALCOLM JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2240 |
| | : | |
| | : | |
| **BERKE YOUNG INTERNATIONAL,** | : | |
| **LLC, et al.** | : | |

## ORDER

**AND NOW**, this 12th day of October, 2007, upon consideration of Plaintiff's Motion for Alternate Service (docket no. 6), and Defendant Berke Young International, LLC's Opposition thereto (docket no. 7), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **DENIED** without prejudice.

**BY THE COURT:**


  /s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**