IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALCOLM JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2240 |
| | : | |
| | : | |
| **BERKE YOUNG INTERNATIONAL,** | : | |
| **LLC, <u>et al.</u>** | : | |

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                                                                              May   1,  2008

  Now before the Court is a Motion pursuant to Fed. R. Civ. P. 55(c) and 60(b) by Defendant Berke Young International, LLC ("Berke Young") to vacate the default entered against it on March 17, 2008. For the reasons that follow, the Motion will be granted.

**I.      Procedural Background**

  Plaintiff Malcolm Johnson ("Plaintiff") commenced this action on June 4, 2007 by filing a Complaint against Berke Young and a number of other defendants. Plaintiff effectuated service on Berke Young on June 7, 2007. On July 3, 2007, Berke Young moved to dismiss, alleging that the Complaint failed to allege any facts in support of the proposition that Berke Young is the successor-in-interest to Defendant Young International Group. The Court denied the Motion to Dismiss, finding that Plaintiff's allegations were sufficient to comply with the liberal notice pleading requirements of Fed. R. Civ. P. 8(a). Berke Young failed to file an answer to the Complaint.

  On March 17, 2008, a default was entered by the Clerk of the Court. On March 18, 2008, Berke Young filed an Answer, along with the instant Motion to set aside the default.

**II.     Legal Standard**

Fed. R. Civ. P. 55(c) provides that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The decision to vacate is committed to the sound discretion of the Court. State Farm Mut. Auto. Ins. Co. v. Tz'doko V'CHESED of Klausenberg, 2008 WL 516724, at *6 (E.D. Pa. Feb. 26, 2008), citing Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

**III.    Discussion**

Berke Young urges the Court to set aside the default entered against it by the Clerk of the Court on March 17, 2008. In support of its motion, Berke Young has submitted the Declaration of George C. Zumbano, Esquire ("Zumbano Decl."), counsel for Berke Young. Zumbano asserts that in response to the Court's Order of January 17, 2008 denying Berke Young's Motion to Dismiss, he contacted counsel for Plaintiff to discuss a possible agreement to dismiss the claims against Berke Young in exchange for acceptance of service on behalf of the remaining defendants. See Zumbano Decl. at ¶¶ 7-8. On March 17, 2008, counsel for Plaintiff left a message advising Zumbano that Plaintiff had declined the proposed agreement. Id. at ¶ 11.

Three factors must be considered when determining whether to vacate a default judgment: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced; and (3) whether the default was the result of the defendant's culpable conduct. In re Subramanian, 245 Fed. Appx. 111, 114 (3d Cir. 2007); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). As a general rule, the Third Circuit does not favor defaults, and instructs that all "doubts should be resolved in favor of setting aside the default and reaching a

decision on the merits."  See Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) ("[A] standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default judgment." (citations omitted)).

In its Motion and proposed answer, Berke Young sets forth a potentially meritorious defense to Plaintiff's claims, arguing that it is not a successor-in-interest to any of the other Defendant entities, and therefore, was erroneously named in the Complaint.  Because Berke Young's alleged status as a successor-in-interest is the basis for any potential liability, its allegations, if established, would constitute a complete defense to the action.  See Hritz, 732 F.2d at 1181.  Under these circumstances, a meritorious defense is "presumptively established."  Id.; see also Howard Fischer Assoc., Inc. v. CDA Inv. Tech., 1995 WL 472115, at *4 (E.D. Pa. Aug. 10, 1995).

With respect to the second prong, it does not appear that Plaintiff would be unduly prejudiced should the Court set aside the default.  This action is still in its infancy, and four of the five defendants named in the Amended Complaint have not yet been served.  While Berke Young's failure to file an answer in a timely fashion has caused some delay in the proceedings, such delay does not constitute sufficient grounds to deny its Motion.  See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-657 (3d Cir. 1982); Scully Co. v. OneBeacon Ins. Co., 2004 WL 414041, at *3 (E.D. Pa. Mar. 3, 2004) (finding that in order to show prejudice, "Plaintiffs must establish that relief would hinder their ability to pursue their claims through loss of evidence, increased potential for fraud, or substantial reliance on the default or judgment." (citations omitted)).  Since the record does not support a finding of prejudice, the second factor

decision on the merits."  See Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) ("[A] standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default judgment." (citations omitted)).

In its Motion and proposed answer, Berke Young sets forth a potentially meritorious defense to Plaintiff's claims, arguing that it is not a successor-in-interest to any of the other Defendant entities, and therefore, was erroneously named in the Complaint.  Because Berke Young's alleged status as a successor-in-interest is the basis for any potential liability, its allegations, if established, would constitute a complete defense to the action.  See Hritz, 732 F.2d at 1181.  Under these circumstances, a meritorious defense is "presumptively established."  Id.; see also Howard Fischer Assoc., Inc. v. CDA Inv. Tech., 1995 WL 472115, at *4 (E.D. Pa. Aug. 10, 1995).

With respect to the second prong, it does not appear that Plaintiff would be unduly prejudiced should the Court set aside the default.  This action is still in its infancy, and four of the five defendants named in the Amended Complaint have not yet been served.  While Berke Young's failure to file an answer in a timely fashion has caused some delay in the proceedings, such delay does not constitute sufficient grounds to deny its Motion.  See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-657 (3d Cir. 1982); Scully Co. v. OneBeacon Ins. Co., 2004 WL 414041, at *3 (E.D. Pa. Mar. 3, 2004) (finding that in order to show prejudice, "Plaintiffs must establish that relief would hinder their ability to pursue their claims through loss of evidence, increased potential for fraud, or substantial reliance on the default or judgment." (citations omitted)).  Since the record does not support a finding of prejudice, the second factor

weighs in favor of setting aside the default.

Finally, with regard to the third prong, although Berke Young's delay in filing an answer may have been negligent, it does not rise to the level of "culpable" conduct.  See Harrison v. Host Marriott Corp., 1997 WL 792902, at *2 ( (E.D. Pa. Dec. 19, 1997); Nowicki v. Rocha, 2007 WL 763838, at *1 (E.D. Mich. Mar. 9, 2007).  Berke Young filed a Motion to Dismiss approximately one month after being served with the Complaint.  The Answer was filed on March 18, 2008, approximately two months after the Court denied the Motion to Dismiss.  Although the answer was filed late, there is no evidence that Berke Young acted in bad faith.  See Harrison, 1997 WL 792902, at *2 ("Culpable conduct means actions taken willfully or in bad faith, and thus requires more than mere negligence."); Metlife Capital Credit Corp. v. Austin Truck Rental of Allentown, Inc., 1992 WL 346772, at *3 (E.D. Pa. Nov. 10, 1992); United States v. Orlando, 2008 WL 1744736, at *2 (D.N.J. Apr. 11, 2008).  Accordingly, the third factor weighs in favor of setting aside the default.

**IV.    Conclusion**

For the foregoing reasons, Defendant's Motion to Vacate the Default will be granted.  An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MALCOLM JOHNSON** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-2240 |
| | : | |
| | : | |
| **BERKE YOUNG INTERNATIONAL,** | : | |
| **LLC, et al.** | : | |

## ORDER

**AND NOW**, this 1st day of May, 2008, upon consideration of Defendant Berke Young International LLC's Motion to Vacate Default (docket no. 13), Plaintiff's Response thereto (docket no. 15), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that the Motion is **GRANTED**.

BY THE COURT:

/s/ Bruce W. Kauffman
**BRUCE W. KAUFFMAN, J.**

5