IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALCOLM JOHNSON | : CIVIL ACTION |
| v. | : NO. 07-2240 |
| BERKE YOUNG INTERNATIONAL, LLC, et al. | : |

FILED
APR 14 2009
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM AND ORDER**

**Kauffman, J.**                                                April 13, 2009

Now before the Court are the Motion For Entry of Default Judgment pursuant to Fed. R. Civ. P. 55(c) and 60(b) by Plaintiff Malcolm Johnson ("Plaintiff") and the Motion to Vacate Default Entered on January 23, 2009 by Defendants Strategic Healthcare Development, LLC; James R. Young; Young International Group, Inc.; and Young International Consulting, LLC (collectively, "moving Defendants" or "defaulting Defendants"). For the reasons that follow Plaintiff's Motion will be denied, and the moving Defendants' Motion will be granted.

**I.      Procedural Background**

At issue is Plaintiff's second request for default judgment against various Defendants in this case. Plaintiff commenced this action on June 4, 2007 by filing a Complaint against Defendants Berke Young International, LLC ("Berke Young") and the moving Defendants. Plaintiff effectuated service on Berke Young on June 7, 2007, and on the moving Defendants on December 17, 2008. On January 23, 2009, Plaintiff requested default judgment against the moving Defendants after they had failed to file a timely answer, and default was entered by the

1

Clerk of the Court. Defaulting Defendants eventually answered on February 3, 2009. On February 11, 2009, Plaintiff filed the instant motion for entry of default judgment, and moving Defendants filed the instant cross-motion to vacate the entry of default.

## II.     Legal Standard

Fed. R. Civ. P. 55(c) provides that the court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." The decision to vacate is committed to the sound discretion of the Court. State Farm Mut. Auto. Ins. Co. v. Tz'doko V'CHESED of Klausenberg, 2008 WL 516724, at *6 (E.D. Pa. Feb. 26, 2008), citing Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984).

## III.    Discussion

In support of their motion, defaulting Defendants have submitted the Declaration of George C. Zumbano, Esquire ("Zumbano Decl."), counsel for defaulting Defendants. Zumbano asserts that defaulting Defendants' Answer was not timely filed because of "mistake, inadvertence, surprise or excusable neglect." See Zumbano Decl. at ¶ 7. Three factors must be considered when determining whether to vacate a default judgment: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be prejudiced; and (3) whether the default was the result of the defendant's culpable conduct. In re Subramanian, 245 Fed. Appx. 111, 114 (3d Cir. 2007); Gold Kist, Inc. v. Laurinburg Oil Co., 756 F.2d 14, 19 (3d Cir. 1985). As a general rule, the Third Circuit does not favor defaults, and instructs that all "doubts should

be resolved in favor of setting aside the default and reaching a decision on the merits." See Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983); Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976) ("[A] standard of liberality, rather than strictness should be applied in acting on a motion to set aside a default judgment." (citations omitted)).

In their proposed answer, defaulting Defendants set forth potentially meritorious defenses to Plaintiff's claims. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)). Here, defaulting Defendants argue that several of them are wrongfully named in the Complaint, Plaintiff's claims are barred by a variety of affirmative defenses, and Plaintiff was in breach of the agreement at issue. Because defaulting Defendants' allegations, if established, would constitute a complete defense to the action, the Court finds that they have made a showing of potential meritorious defenses, and the first factor weighs in favor of setting aside the default.

While defaulting Defendants' failure to file an answer in a timely fashion has caused some delay in the proceedings, such delay does not in itself constitute sufficient grounds to deny their Motion. See Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-657 (3d Cir. 1982); Scully Co. v. OneBeacon Ins. Co., 2004 WL 414041, at *3 (E.D. Pa. Mar. 3, 2004) (finding that in order to show prejudice, "Plaintiffs must establish that relief would hinder their ability to pursue their claims through loss of evidence, increased potential for fraud, or substantial reliance on the default or judgment." (citations omitted)). Since the record does not support a finding of prejudice, the second factor weighs in favor of setting aside the default.

Finally, with regard to the third prong, although defaulting Defendants' delay in filing an answer may have been negligent, there is no evidence of "culpable" conduct. See Harrison v. Host Marriott Corp., 1997 WL 792902, at *2 ( (E.D. Pa. Dec. 19, 1997); Nowicki v. Rocha, 2007 WL 763838, at *1 (E.D. Mich. Mar. 9, 2007). See also Harrison, 1997 WL 792902, at *2 ("Culpable conduct means actions taken willfully or in bad faith, and thus requires more than mere negligence."); Metlife Capital Credit Corp. v. Austin Truck Rental of Allentown, Inc., 1992 WL 346772, at *3 (E.D. Pa. Nov. 10, 1992); United States v. Orlando, 2008 WL 1744736, at *2 (D.N.J. Apr. 11, 2008). Accordingly, the third factor weighs in favor of setting aside the default.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's motion will be denied and defaulting Defendants' cross-motion will be granted. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MALCOLM JOHNSON | : CIVIL ACTION |
| | : |
| v. | : NO. 07-2240 |
| | : |
| BERKE YOUNG INTERNATIONAL, LLC, et al. | : |

**ORDER**

FILED
APR 14 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

AND NOW, this 13th day of April, 2009, upon consideration of Plaintiff's Motion for Entry of Default Judgement (docket nos. 34, 35), Moving Defendants' Motion to Vacate Default (docket nos. 36-39), and Plaintiff's Response thereto (docket no. 40), and for the reasons stated in the accompanying Memorandum, it is **ORDERED** that Plaintiff's Motion is **DENIED** and Defendants' Motion is **GRANTED**. Accordingly, the Clerk of the Court shall set aside the default entered on January 23, 2009.

BY THE COURT:

_____
BRUCE W. KAUFFMAN, J.

5